The appellant, Phillip Ace Robinson, appeals from the denial of his Rule 20 A.R.Cr.P.Temp, petition. Appellant contends that the trial court erred in denying his petition *Page 278 
without an evidentiary hearing. The appellant states that he received a ten-year split sentence of three years' imprisonment with five years on probation and two years suspended. In his petition, the appellant claims that his sentence exceeded that which was authorized by the Youthful Offender Act. Appellant was adjudicated a Youthful Offender. The three underlying felonies were two counts of theft of property and one count of burglary. Under the youthful offender Act, the maximum punishment which can be received is a total of three years. See, § 15-19-6, Code of Alabama 1975.
Even though appellant did not appeal his adjudication, the issue of the legality of his sentence may still be presented to this court. "Rule 20.1(b) provides for post-conviction relief where the court was without jurisdiction to render judgmentor to impose sentence. A claim of a lack of jurisdiction to render judgment or to impose sentence is not precluded as a basis for relief by Rule 20.2 even though the question of jurisdiction could have been but was not raised at trial or on appeal." (Emphasis added.) Ferguson v. State, [Ms. 6 Div. 229, February 2, 1990] ___ So.2d ___, ___ (Ala.Cr.App. 1990).
"If appellant's allegations are true, the sentence exceeded the authority and jurisdiction of the court and is void."Ferguson, ___ So.2d at ___. Appellant is entitled to an evidentiary hearing on the allegations in his petition. The trial court erred in denying his petition without a hearing. This case is remanded to the circuit court so that a hearing may be held on the merits of appelant's Rule 20 petition.
REVERSED AND REMANDED.
All the Judges concur.