The appellant, J. N.J., Jr., appeals from the trial court's summary denial of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief. The petition challenges his conviction and sentence for two cases of breaking and entering an automobile, CC-91-1403 and CC-91-1405. The appellant entered guilty pleas to the offenses and was granted youthful offender status.
According to the appellant he received a 3-year sentence, which was suspended on the condition that he successfully complete 90 days in "Boot Camp" and then serve three years' probation. Ultimately, after a probation revocation hearing on September 21, 1995, the appellant's probation was revoked. The case action summary sheet reflects that the trial court ordered, under the provisions of § 15-18-8, Ala. Code 1975, that the appellant serve 2 years 11 months in prison or a prison-type institution and the remainder of the sentence to be suspended pending the completion of 5 years' probation. According to the appellant, a prior Rule 32 petition was filed alleging that, "the court was without jurisdiction to change or alter the original sentence imposed." C.R. 15. The trial court denied this petition. The State alleges in its brief to this court that "[t]he trial court heard [the appellant's] first Rule 32 petition on the merits and denied the petition by separate order, which is not contained in the record on this appeal." State's brief at p. 5.
The appellant contends on appeal:
 1. That the "split sentence" imposed after his probation was revoked exceeded the original three-year sentence and this violated his protection against double jeopardy.
 2. That the trial court did not have the jurisdiction to impose a "split sentence" that exceeded the original sentence.
 3. That as of September 21, 1995, the date his probation was revoked, he had served 340 days in jail, which time was not credited towards his sentence.
 4. That he was not afforded due process at his probation revocation hearing because he was not allowed to present witnesses or documentary evidence on his behalf and because he did not receive written notice of the evidence relied upon and further because his probation was revoked based on violation of a condition or regulation not included in the court's written order of probation.
 5. That his counsel was ineffective because, he says, counsel was unprepared for the revocation hearing.
 6. That his failure to appeal the revocation hearing was not his fault because the court did not inform him of his right to appeal.
The case action summary sheet reflects that the trial court summarily denied the present petition as follows: "Petition for relief from conviction is hereby denied pursuant to Rule 32.2(b) of A.R.C.P." C.R. 3 (CC-91-1403), C.R. 30 (CC-91-1405). Rule 32.2(b), Ala.R.Crim.P., prohibits successive petitions on the same grounds or different grounds unless good cause is shown why the grounds raised in the successive petition were not presented in the previous petition. The appellant did not meet this requirement. He did not show "good cause" why grounds 1 (as it concerns a double jeopardy issue), 4, 5, and 6, were not presented in the original petition. Therefore, review of issues 1, 4, 5, and 6 is precluded. Additionally, issue 5 is a bare allegation reciting a statement of law and it is unsupported by facts. We are precluded from reviewing issue 5 under Rule 32.6(b), Ala.R.Crim.P.
However, issue 2 challenges the legality of the appellant's sentence. An illegal sentence may be challenged at any time. "The holding in [Ex parte Brannon, 547 So.2d 68 (Ala. 1989)] appears to equate an invalid sentence with a 'jurisdictional' defect, cf. Rule 16.2(d), A. R. Crim. P. Temp. ('The lack of subject matter jurisdiction . . . may be raised . . . at any time' "). Falkner v. State, 586 So.2d 39, 47-48 (Ala.Cr.App. 1991); Hunt v. State, 659 So.2d 998 (Ala.Cr.App. 1994) ("Matters concerning unauthorized sentences are jurisdictional and, therefore, *Page 521 
can be reviewed even if they have not been preserved.").
 "Even though appellant did not appeal his adjudication, the issue of the legality of his sentence may still be presented to this court. 'Rule [32].1(b) provides for post-conviction relief where the court was without jurisdiction to render judgment or to impose sentence. A claim of a lack of jurisdiction to render judgment or to impose sentence is not precluded as a basis for relief by Rule [32].2 even though the question of jurisdiction could have been but was not raised at trial or on appeal.' "
Robinson v. State, 562 So.2d 277, 278 (Ala.Cr.App. 1990), quoting Ferguson v. State, 565 So.2d 1172, 1173
(Ala.Crim.App. 1990) (emphasis added in Robinson).
We cannot conclude that the present Rule 32 petition is a successive petition to the extent that it meritoriously challenges the legality of his sentence. If the trial court did rule on the merits in the first petition, its ruling was in error. The 5-year probationary period included as part of the appellant's sentence exceeds that allowed by the Youthful Offender Act.
 "Code of 1975, § 15-19-6(a)(2), establishes the maximum probationary sentence or period allowable for a youthful offender, i.e., three years. That limitation on a sentence of probation is obviously one of the intended advantages of the Act. By comparison, the maximum probationary period for 'adult' defendants found guilty of a felony is five years. Code of 1975, § 15-22-54(a). . . . Although the Youthful Offender Act does not prohibit the imposition of separate or multiple sentences of probation, clearly each probationary sentence must run from the time of sentencing rather than from the end of the preceding probationary period."
Ex parte L.R., 586 So.2d 174, 175 (Ala. 1991); Robinson v.State, 562 So.2d 277, 278 (Ala.Cr.App. 1990) ("Under the youthful offender Act, the maximum punishment which can be received is a total of three years. See, § 15-19-6, Code of Alabama 1975"). Finally, concerning issue 3, it is not clear whether the appellant should receive credit for jail time already served. See § 15-18-8(a)(2), Ala. Code, 1975. This should be clarified by the trial court in its order on return to remand.
Consequently, the appellant has raised an issue that is meritorious on its face, that was not procedurally barred, and that was apparently not addressed by the trial court. The appellant is entitled to a hearing. If the appellant's allegations are true, the sentence exceeded the authority and jurisdiction of the court and is void. In that case, the appellant's sentence should be set aside and the defendant sentenced within the range of punishment authorized by the Youthful Offender Act. Also, the trial court should clarify whether the appellant is entitled to credit for any time served.
For the reasons stated above, this case is remanded to the circuit court so that a hearing may be held on the merits of appellant's Rule 32 petition. The trial court shall make specific findings of fact in compliance with Rule 32.9(d), Ala.R.Crim.P. Due return shall be filed in this court no later than 70 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On February 28, 1997, on return to remand, the court of Criminal Appeals affirmed, without opinion.