The appellant alleges that he pled guilty to two counts of theft of property in the second degree and was sentenced to serve fifteen years in prison on each count. He admits that he filed a previous Rule 32, Ala. R.Crim. P., petition challenging his convictions. The appellant's second Rule 32 petition alleges that he was improperly sentenced to serve fifteen years in prison, because the maximum sentence authorized for a Class C felony is 10 years, see § 13A-5-6(a)(3), and he was not sentenced as a habitual offender. In its response to the appellant's petition, the State did not specifically refute the appellant's allegations, but instead asserted that the appellant's claim was procedurally barred because the petition was a successive petition. The trial court summarily dismissed the petition, stating:
 "The Court having before it defendant's Rule 32 Petition and the answer of the State of Alabama to said petition, after due consideration, it is the finding of the Court that this is a successive petition. All other matters complained of in this petition could have [been] or should have been raised at trial. The defendant is precluded by operation of Rule 32.2(a) which states that a petitioner will not be given relief under this rule based upon any ground [Rule 32.2(a)(3)], which could have been but was not raised at trial, unless the Court was without jurisdiction to render judgment or to impose sentence. It is the further finding of this Court that the Court was with jurisdiction and, not only had a right to impose sentence but, had a duty to impose sentence.
 "The relief sought is due to be denied and it is by this order denied."
This appeal followed.
The appellant argues that his sentences exceed the maximum authorized by law because he was not sentenced as a habitual felony offender. The State asserts that he was sentenced as a habitual offender and that therefore his sentence does not exceed the maximum authorized by law. However, there is no indication in the record that the provisions of the Habitual Felony Offender Act applied in this case. The trial court's order accepting the appellant's guilty plea refers to and incorporates a document entitled "Court's Exhibit A." However, that document is not contained in the record on appeal. That form is presumably an Ireland form or "Explanation of Rights" form which the appellant signed before entering his guilty plea. However, because that form is not part of the record on appeal, there is no *Page 219 
indication in the record whether the appellant was sentenced as a habitual offender.
The appellant essentially challenges the legality of his sentence. This court addressed a similar situation inJ.N.J., Jr. v. State, 690 So.2d 519, 520-21 (Ala.Cr.App. 1996), wherein we stated:
 "An illegal sentence may be challenged at any time. 'The holding in [Ex parte Brannon, 547 So.2d 68 (Ala. 1989)] appears to equate an invalid sentence with a "jurisdictional" defect, cf. Rule 16.2(d), A.R.Crim. P. Temp. ("The lack of subject matter jurisdiction . . . may be raised . . . at any time").' Falkner v. State, 586 So.2d 39, 47-48
(Ala.Cr.App. 1991); Hunt v. State, 659 So.2d 998
(Ala.Cr.App. 1994)('Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.').
 " 'Even though appellant did not appeal his adjudication, the issue of the legality of his sentence may still be presented to this court. "Rule [32].1(b) provides for post-conviction relief where the court was without jurisdiction to render judgment or to impose sentence. A claim of a lack of jurisdiction to render judgment or to impose sentence is not precluded as a basis for relief by Rule [32].2 even though the question of jurisdiction could have been but was not raised at trial or on appeal." '
 "Robinson v. State, 562 So.2d 277, 278
(Ala.Cr.App. 1990), quoting Ferguson v. State, 565 So.2d 1172, 1173 (Ala.Crim.App. 1990)."
(Emphasis omitted.) See also Hannon v. State, 682 So.2d 503
(Ala.Cr.App. 1996); Lancaster v. State, 638 So.2d 1370
(Ala.Cr.App. 1993).
Section 13A-5-6, Code of Alabama 1975, provides, in pertinent part, as follows:
 "(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
". . .
 "(3) For a Class C felony, not more than 10 years or less than 1 year and 1 day."
"When the court imposes sentence in excess of that authorized by statute, it exceeds its jurisdiction, and the sentence is consequently void." Ferguson v. State, 565 So.2d 1172, 1173
(Ala.Cr.App. 1990). Thus, the appellant has alleged facts that, if true, entitle him to relief.
For the foregoing reasons, we cannot conclude, as the State urges us to do, that the present Rule 32 petition is a successive petition. If the appellant's allegations are correct, the fifteen year sentences exceed the limitations set forth in § 13A-5-6. Consequently, the appellant has raised an issue that is meritorious on its face, that was not procedurally barred, and that was apparently not addressed by the trial court. The appellant is entitled to a hearing. Therefore, this case is remanded to the circuit court so that a hearing may be held on the merits of appellant's Rule 32 petition. The circuit court shall make specific findings of fact in compliance with Rule 32.9(d), Ala. R.Crim. P. If the appellant's allegations are true, the sentences exceeded the jurisdiction of the court and are therefore void. In that case, the appellant's sentences should be set aside and the appellant should be sentenced within the range of punishment authorized by § 13A-5-6. If the appellant was sentenced pursuant to the provisions of the Habitual Felony Offender Act, as the State contends, then the trial court should so state in its findings of fact. Due return shall be filed in this court no later than 56 days from the date of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court as well as the trial court's findings of fact relating to the issue raised by the appellant.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.
* Note from the reporter of decisions: On October 31, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 220