The appellant, Cleveland Sylvester Johnson, was indicted for murder. On September 14, 1992, he pled guilty to the lesser included offense of manslaughter and was sentenced to life imprisonment. He did not appeal his conviction. In 1995, the appellant filed his first petition for post-conviction relief pursuant to Rule 32, Ala. R.Crim. P., and on July 27, 1995, the trial court summarily denied that petition as being outside the limitations period of Rule 32.2(c), Ala. R.Crim. P. We affirmed the trial court's judgment by unpublished memorandum.Johnson v. State, 682 So.2d 531 (Ala.Cr.App. 1995) (table). On December 5, 1997, the appellant filed the present Rule 32 petition. Before the State could respond, the trial court summarily denied the petition pursuant to Rule 32.2(b), 32.2(c), and 32.2(a)(4), Ala. R.Crim. P., and this appeal followed.
The appellant argues that his trial counsel was ineffective and that he did not voluntarily enter his guilty plea. Because he filed this petition more than two years after his time for filing an appeal lapsed, review of these arguments is barred by Rule 32.2(c), Ala. R.Crim. P.
The appellant also asserts that his sentence of life imprisonment exceeds the maximum sentence authorized by law. He argues that the permissible range of sentences for manslaughter, a Class B felony, is not less than 2 or more than 20 years imprisonment. §§ 13A-5-6, 13A-6-3, Ala. Code 1975. He further asserts that the record does not reflect that he was sentenced under the Habitual Felony Offender Act. Therefore, he argues that his life sentence exceeds the maximum sentence authorized by law for a Class B felony.
In essence, the appellant is challenging the legality of his sentence. We addressed a similar argument in J.N.J., Jr. v.State, 690 So.2d 519 (Ala.Cr.App. 1996), stating:
 "An illegal sentence may be challenged at any time. `The holding in [Ex parte Brannon, 547 So.2d 68 (Ala. 1989)] appears to equate an invalid sentence with a "jurisdictional" defect, cf. Rule 16.2(d), A.R.Crim. P. Temp. ("The lack of subject matter jurisdiction . . . may be raised . . . at any time").' Falkner v. State, 586 So.2d 39, 47-48
(Ala.Cr.App. 1991); Hunt v. State, 659 So.2d 998 (Ala.Cr.App. 1994) (`Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.').
 "`Even though appellant did not appeal his adjudication, the issue of the legality of his sentence may still be presented to this court. "Rule [32].l(b) provides for post-conviction relief where the court was without jurisdiction to render judgment or to impose sentence. A claim of a lack of jurisdiction to render judgment or to impose sentence is not precluded as a basis for relief by Rule [32] .2 even though the question of jurisdiction could have been but was not raised at trial or on appeal."'
 "Robinson v. State, 562 So.2d 277, 278
(Ala.Cr.App. 1990), quoting Ferguson v. *Page 801 State, 565 So.2d 1172, 1173 (Ala.Crim.App. 1990). . . ."
690 So.2d at 520-21 (emphasis added in Robinson).See also Barnes v. State, 708 So.2d 217
(Ala.Cr.App. 1997).
In this case, the case action summary sheet refers to "Court's Exhibit A." However, this document is not included in the record on appeal and we cannot determine from the record whether the appellant was sentenced as a habitual offender. Therefore, we remand this case for the circuit court to address the merits of the appellant's claim and to make specific findings of fact in compliance with Rule 32.9(d), Ala. R.Crim. P. If the appellant's allegations are true, his sentence exceeded the jurisdiction of the trial court and is void. In that case, the appellant's sentence should be set aside and the appellant should be sentenced within the range of punishment authorized by § 13A-5-6, Ala. Code 1975. If the appellant was sentenced pursuant to the provisions of the Habitual Felony Offender Act, then the trial court should so state in its findings of fact. Due return shall be filed in this court no later than 42 days from the date of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court as well as the trial court's findings of fact.
The appellant raises several additional claims. However, he does not assert sufficient facts to prove these allegations by a preponderance of the evidence. Thus, he has not satisfied his burden of proof under Rule 32.3, Ala. R.Crim. P., or the specificity requirements of Rule 32.6(b), Ala. R.Crim. P. Therefore, he is not entitled to relief on his remaining claims.
REMANDED WITH INSTRUCTIONS.*
* Note from the reporter of decisions: On August 14, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
All judges concur.