LONG, Presiding Judge.
In March 1987, the appellant, Terry Morris, pleaded guilty to, and was convicted of, escape in the second degree and theft of property in the second degree. He was sentenced to 21 years in prison for each conviction, and the sentences were to run concurrently. He did not appeal his convictions. In March 1998, Morris filed a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P., in which he claimed that his 21-year sentences exceeded the maximum authorized by law. The state filed a motion for summary dismissal, arguing that Morris’s petition was procedurally barred by the two-year limitations period in Rule 32.2(c), Ala.R.Crim.P. The state did not specifically refute’ Morris’s allegations concerning his sentences. The trial court summarily denied Morris’s petition on the grounds that it was successive, see Rule 32.2(b), Ala.R.Crim.P., arid that it was filed beyond the limitations period.[1] See Rule 32.2(c).
Morris maintains that his 21-year sentences exceed the maximum sentence authorized by law. He argues that the permissible range of sentences for escape in the second degree and for theft of property in the second degree, both Class C felonies, is not less than 1 year and 1 day and not more than 10 years. §§ 13A-10-32(b), 13A-8-4(b), and 13A-5-6(a)(3), Ala. Code 1975. He further asserts that the record does not reflect that he was sentenced under the Habitual Felony Offender Act. Therefore, he argues that his 21-year sentences exceed the maximum sentence authorized by law for Class C felonies.
In essence, Morris is challenging the legality of his sentences.
“An illegal sentence may be challenged at any time. ‘The holding in [Ex parte Brannon, 547 So.2d 68 (Ala.1989)] appears to equate an invalid sentence with a “jurisdictional” defect, cf. Rule 16.2(d), A.R.Crim.P.Temp. (“The lack of subject matter jurisdiction ... may be raised ... at any time” ’). Falkner v. State, 586 So.2d 39, 47-48 (Ala.Cr.App.1991); Hunt v. State, 659 So.2d 998 (Ala.Cr.App.1994) (‘Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.’).
*914 “ ‘Even though appellant did not appeal his adjudication, the issue of the legality of his sentence may still be presented to this court. “Rule [32].l(b) provides for post-conviction relief where the court was without jurisdiction to render judgment or to impose sentence. A claim of a lack of jurisdiction to render judgment or to impose sentence is not precluded as a basis for relief by Rule [32].2 even though the question of jurisdiction could have been but was not raised at trial or on appeal.” ’
“Robinson v. State, 562 So.2d 277, 278 (Ala.Cr.App.1990), quoting Ferguson v. State, 565 So.2d 1172, 1173 (Ala.Cr.App.1990).”
J.N.J., Jr. v. State, 690 So.2d 519, 520-21 (Ala.Cr.App.1996) (emphasis omitted). See also Johnson v. State, 722 So.2d 799, 800-01 (Ala.Cr.App.1998).
We are unable to determine from the record whether Morris was sentenced as a habitual offender. Therefore, we remand this case to the trial court with directions that the trial court address the merits of Morris’s claim and make specific findings of fact in compliance with Rule 32.9, Ala.R.Crim.P. If Morris’s allegations are true, his sentences exceeded the jurisdiction of the trial court and are void. In that case, Morris’s sentences should be set aside, and he should be sentenced within the range of punishment provided in § 13A-5-6(a)(3), Ala.Code 1975. See Ex parte Williams, 510 So.2d 135, 136 (Ala.1987) (the Habitual Felony Offender Act is not “self-executing” and must be invoked before the original sentencing, or it cannot be applied at a subsequent sentencing hearing). If, however, the Habitual Felony Offender Act was invoked before Morris’s original sentencing and Morris was sentenced pursuant to the provisions of the Habitual Felony Offender Act, then the trial court should so state in its findings of fact. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. In any event, due return shall be made to this court within 42 days after the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court as well as the trial court’s findings of fact.
REMANDED WITH DIRECTIONS. *
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.

. The record indicates that Morris filed two previous Rule 32 petitions. However, we are unable to determine the precise nature of the claims raised in the prior petitions or whether those claims were decided on their merits.

 Note from the reporter of decisions: On March 26, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.