COBB, Judge.
Franklin Lane Adams appeals from the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged Adams’s July 25, 1997, conviction for robbery in the third degree and his sentence of 18 years in prison. No direct appeal was taken from that conviction. Adams *240 had filed a prior Rule 82 petition; that petition was summarily denied on April 2, 1999. The petition at issue here was deemed filed on August 24, 2000.
Adams claimed in his petition that the trial court did not have jurisdiction to impose an 18-year sentence because, he says, that sentence exceeds the maximum 10-year sentence allowed by law for a conviction for robbery in the third degree, a Class C felony. See §§ 13A-8-43(b) and 13A-5-6(a)(3), Ala.Code 1975. Based on the circuit court’s order, the relevant portion of which is set forth below, it appears that Adams was sentenced under the Habitual Felony Offender Act (“HFOA”) as a felony offender with one prior felony conviction. See § 13A~5-9(a)(1), Ala.Code 1975. The circuit court summarily denied the petition by written order, ruling that the petition was proeedurally barred as a successive petition (Rule 32.2(b)), as being beyond the two-year limitations period (Rule 32.2(c)), and because Adams’s claim could have been, but was not, raised at trial or on appeal. (Rule 32.2(a)(3) and (5), Ala.R.Crim.P.) The circuit court also denied the claim on the merits. We quote below the pertinent part of the circuit court’s discussion of the procedural preclusion grounds and the merits.
“Petitioner claims that ‘the sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law,’ and that ‘the Court was without jurisdiction to render judgment or to impose the sentence.’ Petitioner claims specifically that he was incorrectly sentenced to eighteen (18) years in the instant case, that the sentence is illegal, and that the sentence was not enhanced.
“Petitioner is obviously confused. At sentencing, the Court was provided with certified copies of Petitioner’s prior convictions. The State is not required to notify a defendant of its intent to proceed under the Habitual Felony Offender Act prior to conviction; however, the State must do so within a reasonable time between conviction of the substantive offense and sentencing hearing. Hinton v. State, 473 So.2d 1125 (Ala.1985).
“Additionally, the Alabama Court of Criminal Appeals has found that notice under the Habitual Felony Offender Act is procedural and not jurisdictional. If the Defendant fails to protest the lack of notice at the time of sentencing or on direct appeal, he is proeedurally barred from raising the claim subsequently. Nichols v. State, 629 So.2d 51 (Ala.Crim. App.1993). Petitioner raised no such claim before the trial Court nor the Court of Criminal Appeals; therefore, Petitioner is proeedurally barred from raising the issue at this time.
“As a habitual offender, Petitioner, having been convicted of a Class C felony, must be punished for a Class B felony as prescribed in § 13A-5-9 Code of Alabama. The sentence range for a Class B felony is not more than twenty (20) years and not less than two (2) years. Petitioner received an eighteen-year (18) sentence. Petitioner’s sentence is neither excessive nor illegal. The sentence imposed herein is within the range of punishment prescribed by law. The- trial court [had] jurisdiction, and not only had a right to impose the sentence but had a duty to impose the sentence. Petitioner has not met his burden of proof under this claim.”
(C.R.4-5.)
Adams is not claiming that he did not get notice of the State’s intent to invoke the HFOA or that he did not get notice of the prior convictions upon which the State intended to rely; rather, Adams’s sole claim is that his sentence is *241 illegal because he was not sentenced under the HFOA. There is no procedural bar to this claim. “ ‘An illegal sentence may be challenged at any time.’ ” Johnson v. State, 722 So.2d 799, 800 (Ala.Crim.App.1998)(quoting J.N.J., Jr. v. State, 690 So.2d 519 (Ala.Crim.App.1996)).
Nothing in the record supports the finding by the court that heard Adams’s Rule 32 petition that Adams was sentenced under the HFOA. This claim was not raised and addressed in Adams’s first petition. The case action summary sheet from the trial on the merits is in the record before the Court. It supports Adams’s claim that the HFOA was not applied. It reflects only that Adams was sentenced to serve 18 years in prison after a conviction for robbery in the third degree.
Based on the record before this Court, it appears that Adams’s claim is meritorious on its face in that he has presented a clear and specific statement of the ground upon which relief is sought, including full disclosure of the facts relied upon, sufficient to show that he is entitled to relief if those facts are true. See Ex parte Clisby, 501 So.2d 483, 486 (Ala.1986).
Based upon the foregoing, we must remand this case to the circuit court with directions that that court clarify its findings concerning Adams’s claim that his sentence exceeds the maximum authorized by law. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary to address Adams’s claim. The trial court is authorized to take whatever action under Rule 32, Ala.R.Crim.P., is necessary to render a final judgment on the petition. In any event, due return should be made to this Court within 56 days after the release of this opinion. Return to remand should include the transcript from any further proceedings, in addition to orders issued by the trial court and motions filed by the parties.
REMANDED WITH DIRECTIONS.
McMILLAN, PM., and BASCHAB, SHAW, and WISE, JJ., concur.