On August 6, 1998, the appellant, Ronald Hannon, pled guilty to unlawful distribution of a controlled substance. The trial court sentenced him to serve a term of life in prison. It also enhanced his sentence by five years because the sale occurred within three miles of a school and an additional five years because the sale occurred within three miles of a public housing project. See §§ 13A-12-250 and13A-12-270, Ala. Code 1975. The appellant did not appeal his conviction. On January 16, 2002, he filed a Rule 32 petition, challenging his conviction. Without requiring a response from the State, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that he is entitled to post-conviction relief because his sentence allegedly exceeds the maximum authorized by law. Specifically, he contends that he was not sentenced as a habitual offender and that the record does not indicate that the provisions of the Habitual Felony Offender Act were properly applied in this case. The judge who presided over the guilty plea proceedings also presided over the Rule 32 proceedings. In his order denying the petition, the judge found:
 "Petitioner makes bland assertion that court was without authority to sentence petitioner to life plus ten years.
 "The sentencing [and] colloquy in collateral case #CC-97-4250.60 is instructive and is attached (marked court's # one); the three `priors' are also attached and marked court's `two.'
 "As made abundantly clear petitioner was sentenced to the only possible sentence(s) available at the time." *Page 427 
(C.R. 2-3.) Although it would not be appropriate in every case to consider a record in a collateral case to determine whether a defendant was sentenced as a habitual offender in a different case, such a consideration is appropriate in this particular case. The documents the circuit court referenced and attached to its order clearly indicate that the appellant was indicted for both first-degree robbery and unlawful distribution of a controlled substance; that the appellant was convicted after a jury trial of first-degree robbery; that, during the sentencing hearing for the robbery case, the parties discussed the fact that the appellant had three prior felony convictions, and the State introduced certified copies of those convictions; that, during that sentencing hearing, the court and the parties made references to the unlawful distribution charge that was still pending, to the fact that the appellant would decide whether to plead guilty to that charge or go to trial on that charge "in the next day or so," and to the fact that the only possible sentence for that case would be life in prison plus two five-year enhancements. (C.R. 12.) Furthermore, the record shows that the same circuit judge presided over the proceedings in both cases. Therefore, the documents the circuit court referenced support that court's conclusion that the appellant was sentenced as a habitual offender in this case. Accordingly, the circuit court properly summarily denied the appellant's petition, see Rule 32.7(d), Ala.R.Crim.P., and we affirm that court's judgment.
AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur. *Page 1075