WISE, Judge.
The appellant, Bernard Gordon, appeals the circuit court’s denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala. R.Crim. P., in which he challenged the revocation of his probation.
On July 26, 2000, the appellant, Bernard Gordon, pleaded guilty as a youthful offender to assault in the second degree. Gordon states in his Rule 32 petition that he was sentenced to three years’ imprisonment. It appears that the trial court, when it sentenced Gordon on September 13, 2000, split the sentence and ordered Gordon to serve six months’ imprisonment followed by two years and six months’ probation. The trial court also gave Gordon credit for the six months that he served before the guilty plea proceedings. On February 27, 2003, the trial court revoked Gordon’s probation and ordered that he serve 2 years and 10 months’ imprisonment.
On June 25, 2004, Gordon filed the Rule 32 petition that is the subject of this appeal. In his petition, Gordon argued that the trial court erroneously amended his sentence when, upon revocation of his probation, it imposed a sentence in excess of his original sentence. After the State responded, the trial court issued an order summarily denying Gordon’s petition, noting that Gordon had agreed to the amendment of his sentence. This appeal followed.
Initially, we note that a trial court does not have jurisdiction to impose a sentence not provided for by statute. Therefore, “ ‘[a]n illegal sentence may be challenged at any time.’ ” Johnson v. State, 722 So.2d 799, 800 (Ala.Crim.App.1998) (quoting J.N.J., Jr. v. State, 690 So.2d 519, 520 (Ala.Crim.App.1996)).
Here, it appears that the circuit court initially imposed a sentence of three years; it then split the sentence and ordered Gordon to serve six months’ imprisonment followed by two years and six months’ probation. Gordon was further given six months’ credit for time served; this time was applied to the six-month period of confinement. After Gordon had served 29 months of probation, the trial court revoked Gordon’s probation and ordered that he serve 2 years and 10 months’ imprisonment.
By virtue of the split sentence imposed on September 13, 2000, the circuit court retained jurisdiction to further modify Gordon’s sentence; however, “[i]f the court revokes probation, it may, after a hearing, impose the sentence that was suspended at the original hearing or any lesser sentence .... ” § 15-22-54(d)(2), Ala. Code 1975. See also Parker v. State, 648 So.2d 653, 656 (Ala.Crim.App.1994). The State has requested that we remand this case to the circuit court for a determination as to whether the sentence the trial court imposed at the revocation hearing exceeded Gordon’s original sentence and, if so, for that court to resentence Gordon in compliance with §§ 15-19-6 and 15-22-54, Ala.Code 1975. The record supports such a request. Accordingly, we remand this case for the Barbour Circuit Court to address the merits of Gordon’s claim that the circuit court erroneously amended his sentence when, upon revocation of his probation, it imposed a sentence in excess of his original sentence. Should the trial court deem it necessary to hold an evidentiary hearing addressing Gordon’s claim, the circuit court’s return to remand shall include a transcript of those proceedings. Should the trial court determine that the sentence imposed following the revocation of Gor *1200 don’s probation was in excess of that authorized by statute, the circuit court shall resentence Gordon in accordance with §§ 15-19-6 and 15-22-54, Ala.Code 1975.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time -within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.