McMILLAN, Presiding Judge.
Darren Jerome Coleman appeals the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief, in which he attacked his 1985 guilty-plea conviction for attempted rape in the first degree and his resulting sentence of life imprisonment. Coleman did not appeal his conviction and sentence.
Coleman filed the present petition on December 7, 2004, claiming that the sentence imposed exceeds the maximum authorized by law. More specifically, Coleman alleged that he was sentenced without any enhancements being applied, and, therefore, that his life sentence exceeds the range of punishment for attempted rape in the first degree. On January 18, 2005, the State filed a motion to dismiss the petition, arguing that the petition was time-barred; that much of the record and the State’s file had been reduced to microfilm and/or microfiche and was unavailable in its entirety; that Coleman was a habitual felony offender with three prior felony offenses, that under then existing law the only sentence Coleman was eligible to receive based on his prior offenses was life imprisonment; and that
“[t]he record as it now exists is silent as to whether [Coleman] possibly objected to being sentenced under the Alabama Habitual Felony Offender Act or whether he admitted to his three prior convictions. We can only look to the case action summary sheet that shows that the court addressed [Coleman] regarding his understanding of his rights, the consequences of his plea and the sentence of life imprisonment.”
(C. 34.) Coleman filed an answer to the State’s motion to dismiss, in which he challenged the State’s assertions that his claim was subject to procedural bars and stated “that there is nothing in the record to indicate him being sentenced as a habitual offender.” (C. 37.) Coleman attached to his answer copies of what are purported to be, among other things, the case action summary, the written and signed plea agreement, and the conviction report from his 1985 conviction. On March 3, 2005, the circuit court issued a written order summarily denying Coleman’s petition. The circuit court indicated that the claim was barred by procedural grounds and stated further:
“[Coleman] was charged and indicted, in the within case, for the crime of Rape First Degree. [Coleman’s] case was scheduled for trial on April 8, 1985 before the Honorable J. Richmond Pearson. At the time the instant case was called for trial, [Coleman] and his attorney, William A. Ellis, Esquire, negotiated a plea agreement with the State of Alabama, whereby [Coleman] would enter a plea of guilty to the amended charge of Attempted Rape First Degree. (It is noted that, as part and parcel of the same agreement, [Coleman] entered a plea of guilty to Burglary Third Degree in companion Case Number CC-84-2826. The Honorable J. Richmond Pearson ordered that the sentences entered in the within case and CC-84-2826 shall each run concurrent with the other.) While [Coleman] correctly states, in his petition, that a sentence of life imprisonment for an Attempted Rape First Degree charge is excessive, he conveniently omits the facts that he was sentenced as a habitual felony offender, with three (3) prior felony convictions from Mobile County, Alabama, i.e., Burglary Third Degree in CC-81-3253, Burglary Second Degree in CC-81-3254 and Burglary Second Degree in CC-81-3255. It is noted that, while the court record is *885 silent as to these specific prior convictions, the record clearly reflects that [Coleman] and his attorney executed ‘Court’s Exhibit A’ (a copy of which is attached hereto, incorporated herewith and marked as Exhibit ‘A’ to this Court’s Order), that [Coleman’s] attorney read and explained to him ‘Court’s Exhibit A, and that [Coleman] understood the charges to which he was pleading, and further, that he would be receiving a sentence of life imprisonment.
“As further evidence that [Coleman] knowingly entered his guilty plea in the within case as a habitual felony offender, attached hereto, incorporated herewith, and marked as Exhibit ‘B’ to this Court’s Order, is a copy of the case action summary sheet from [Coleman’s] companion case, Case Number CC-84-2826, which was set for trial on the same date and at the same time as the instant case. The said case action summary sheet reflects that the Honorable J. Richmond Pearson accepted [Coleman’s] plea of guilty to the amended charge of Burglary Third Degree, subsequently sentenced him to fifteen years’ imprisonment in the penitentiary, and directed that the said fifteen-year sentence will run concurrent with the sentence imposed in the within case. It is noted that Burglary Third Degree is a Class C felony and, without enhancements, carries a sentence range of not more than ten years and not less than one year and one day. In companion Case Number CC-84-2826 [Coleman] was indicted, in a two-count indictment, to Burglary Second Degree (which is a Class B felony and has a sentence range of not more than 20 years and not less than 2 years) and Burglary First Degree (which is a Class A felony and has a sentence range of life or not more than 99 years or not less than 10 years), respectively. Additionally, attached hereto, incorporated herewith, and marked as Exhibit ‘C’ to this Court’s Order, is a copy of the ‘Court’s Exhibit A document, executed in Case Number CC-84-2826, which further exemplifies that [Coleman] was well aware of the charge to which he was pleading and that the sentence he was receiving was enhanced as a result of his habitual felony offender status.
“With respect to the within case, as well as companion Case Number CC-84-2826, [Coleman] had the option of proceeding with a trial before a struck jury and risking guilty verdicts. In the instant case, a conviction of Rape first Degree (Class A Felony) would have netted [Coleman], if sentenced as a habitual felony offender with three prior felony convictions, a sentence of life imprisonment without parole. [Coleman] opted for the ‘sure thing’ and consequently received the best deal possible with his record. Now, almost twenty (20) years later, he is attempting to unreasonably tilt the scales of justice in his favor and escape the remainder of his punishment. [Coleman’s] claim is without merit and he has failed to meet the required burden of proof.
“This Court finds specifically that almost twenty (20) years have passed since [Coleman] was sentenced herein by the Honorable J. Richmond Pearson. [Coleman’s] unreasonable and unexplained delay, in and of itself, is sufficient grounds for dismissal, pursuant to Young v. State, 516 So.2d 858 (1987), and Hamilton v. State, 220 So.2d 267 (1969). Furthermore, due to the unreasonable delay, it would be unlikely, if possible, to recreate the facts in order to make a safe determination of judgment equitable to all parties involved. The Supreme Court, in Butler v. State, 279 Ala. at 314, 184 So.2d at 824 (1966), placed the burden on petitioner to ‘sea *886 sonably’ demand any right or entitlement ... and stated, ‘To excuse this would make shipwreck of orderly procedure in the courts. It is axiomatic that a right not seasonably demanded is not a right denied. To excuse the failure to act in this case would make the bare assertion of a breach of right the basis for reopening criminal trial, however long ago determined.’ [Coleman] has provided nothing to this Court, which would excuse his failure to timely request relief from his conviction or sentence. Additionally, the court file no longer exists in its original form, and its image is stored on microfilm. [Coleman] has failed to meet his burden of proof under this claim.”
(C. 3-5.)
Coleman argues on appeal that the circuit court erred in summarily denying his petition. We agree.
With regard to the circuit court’s stating as a ground for summary denial that Coleman failed to prove his claim(s), we note that Coleman had no burden of proof at the pleading stage of a Rule 32 proceeding. As this Court explained in Ford v. State, 831 So.2d 641 (Ala.Crim.App.2001):
“[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only ‘a clear and specific statement of the grounds upon which relief is sought.’ Rule 32.6(b), Ala. R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”
831 So.2d at 644. See also Thomas v. State, 908 So.2d 308 (Ala.Crim.App.2004); Borden v. State, 891 So.2d 393 (Ala.Crim.App.2002); and Johnson v. State, 835 So.2d 1077 (Ala.Crim.App.2001). Thus, summary denial on this ground was improper.
With regard to the circuit court’s summary denial pursuant to Rules 32.2(a)(3) and (5) because Coleman could have but did not raise the claim at trial and on appeal, and because the petition was filed beyond the limitations period in Rule 32.2(c), we note that a facially valid challenge to the legality of a sentence presents a jurisdictional issue that can be raised at any time and is not subject to the procedural bars of Rule 32.2, Ala. R.Crim.P. See Adams v. State, 825 So.2d 239 (Ala.Crim.App.2001); Moore v. State, 739 So.2d 530 (Ala.Crim.App.1999); and Barnes v. State, 708 So.2d 217 (Ala.Crim.App.1997). It is well-settled that “jurisdictional claims are not ‘precluded by the limitations period or by the rule against successive petitions.’ ” Grady v. State, 831 So.2d 646, 648 (Ala.Crim.App.2001), quoting Jones v. State, 724 So.2d 75, 76 (Ala.Crim.App.1998). Thus, summary denial on these grounds was improper.
We now look to the denial of Coleman’s claim on the merits. Coleman asserted a facially meritorious claim, i.e., that his sentence of life imprisonment exceeded the maximum authorized by law for his conviction of attempted first-degree rape—a Class B felony—and that he was sentenced without the application of any enhancements. Further, in response to the State’s assertions that he was sentenced pursuant to the Habitual Felony Offender Act (“HFOA”), Coleman stated that the record did not contain any indications that he was sentenced pursuant to the HFOA and attached documents to that *887 response which he contends support his assertion.
Rule 32.7(d), Ala. R.Crim. P., provides for the summary disposition of a Rule 32 petition only
“[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b), Ala.R.Crim.P.], or is precluded [under Rule 32.2, Ala.R.Crim. P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings. ...”
Coleman’s petition is sufficiently specific, is not precluded, and states a valid claim. Thus, the lone remaining question is whether any “material issue of fact or law exists which would entitle the petitioner to relief under this rule and [whether any] purpose would be served by any further proceedings.”
Attempted rape in the first degree is a Class B felony. See §§ 13A-6-61 and 13A-4-2, Ala. Code 1975. Section 13A-5-6(a)(2), Ala.Code 1975, provides that the sentencing range for a Class B felony without the application of any enhancements is “not more than 20 years or less than 2 years.” In 1985, application of the HFOA to a conviction of a Class B felony where the defendant had three or more prior felony convictions resulted in a sentence of life imprisonment.
In Hannon v. State, 861 So.2d 426 (Ala.Crim.App.2003), this Court addressed a similar issue as follows:
“The appellant argues that he is entitled to postconviction relief because his sentence allegedly exceeds the maximum authorized by law. Specifically, he contends that he was not sentenced as a habitual offender and that the record does not indicate that the provisions of the Habitual Felony Offender Act were properly applied in this case. The judge who presided over the guilty-plea proceedings also presided over the Rule 32 proceedings. In his order denying the petition, the judge found:
“ ‘Petitioner makes bland assertion that court was without authority to sentence petitioner to life plus ten years.
“ ‘The sentencing [and] colloquy in collateral case # CC-97-4250.60 is instructive and is attached (marked court’s # one); the three “priors” are also attached and marked court’s “two.”
“ ‘As made abundantly clear petitioner was sentenced to the only possible sentence(s) available at the time.’
“(C.R. 2-3.) Although it would not be appropriate in every case to consider a record in a collateral case to determine whether a defendant was sentenced as a habitual offender in a different case, such a consideration is appropriate in this particular case. The documents the circuit court referenced and attached to its order clearly indicate that the appellant was indicted for both first-degree robbery and unlawful distribution of a controlled substance; that the appellant was convicted after a jury trial of first-degree robbery; that, during the sentencing hearing for the robbery case, the parties discussed the fact that the appellant had three prior felony convictions, and the State introduced certified copies of those convictions; that, during that sentencing hearing, the court and the parties made references to the unlawful distribution charge that was still pending, to the fact that the appellant would decide whether to plead guilty to that charge or go to trial on that charge ‘in the next day or so,’ and to the fact that the only possible sentence for that case would be life in prison plus two five-year *888 enhancements. (C.R. 12.) Furthermore, the record shows that the same circuit judge presided over the proceedings in both cases. Therefore, the documents the circuit court referenced support that court’s conclusion that the appellant was sentenced as a habitual offender in this case.”
861 So.2d at 426-27. Here, however, unlike in Hannon, the documents from the collateral proceeding do not mention prior offenses or the HFOA; rather, the documents in this case lend themselves only to the inference that Coleman was sentenced in either case pursuant to the HFOA.
As the circuit court noted, the written plea agreement in the attempted-rape case indicated that Coleman would receive a sentence of life imprisonment; however, nothing on the face of that document states that that sentence was the result of application of the HFOA. Similarly, the written plea agreement for Coleman’s burglary conviction, i.e., the companion case he pleaded guilty to at the same time as the case here, indicates that Coleman was advised that he faced a sentence of not less than 15 years nor more than 99 years, and the case action summary in that case indicates that he was sentenced to 15 years; however, neither of those documents actually states that he was sentenced in that case pursuant to the HFOA; further, even if he was sentenced under the HFOA in that case, it is possible, albeit unlikely, that he was sentenced pursuant to the HFOA in the burglary case but for some reason not in the attempted-rape case that is the subject of this appeal. Thus, although Coleman’s claims are challenged by the State and called into question by the circuit court, we cannot say that Coleman’s claims have been refuted.[1]
For these reasons, we conclude that summary denial of Coleman’s petition was improper. Thus, we remand this cause to the circuit court for further proceedings and take such evidence as it deems necessary regarding Coleman’s claim that his sentence of life imprisonment is illegal. If the circuit court determines that Coleman was not sentenced under the HFOA and, consequently, that his sentence exceeds the maximum authorized by law, that court is authorized to resentence Coleman within the parameters of a conviction for a Class B felony. Conversely, if the circuit court determines that Coleman was properly sentenced under the HFOA, then Coleman is not entitled to any relief.
The return to remand shall contain a transcript of any proceedings and specific findings of fact pursuant to Rule 32.9, Ala. R.Crim.P. Due return shall be made to this Court within 63 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
COBB and SHAW, JJ., concur.
BASCHAB, J., dissents, with opinion.
WISE, J., joins in dissent.

. This is not to suggest that Coleman is entitled to relief. Our holding today does not reach the actual merits of Coleman’s claims; rather, that determination must be made by the circuit court following further proceedings consistent with this opinion.