564 So.2d 469 (1990)
Ex parte Doyle Lee HAMM.
re Doyle Lee Hamm
v.
State.
88-1555.
Supreme Court of Alabama.
March 23, 1990.
As Modified on Denial of Rehearing June 15, 1990.
*471 Martha E. Williams and Hugh C. Harris, Cullman, for petitioner.
Don Siegelman, Atty. Gen., and William D. Little and Sandra J. Stewart, Asst. Attys. Gen., for respondent.
ALMON, Justice.
Doyle Lee Hamm was convicted of the capital offense of murder during a robbery in the first degree and was sentenced to die in the electric chair. The Court of Criminal Appeals affirmed the judgment, 564 So.2d 453, and Hamm petitioned this Court for certiorari review as a matter of right. A.R.App.P., Rule 39(c).
Hamm presents three claims of error: (1) that his indictment failed to properly aver a capital offense under the facts of this case; (2) that the warrant authorizing his initial arrest was issued without probable cause and failed to comply with Ala.Code 1975, §§ 15-9-40 and -42, and that, therefore, his subsequent confession should have been suppressed; and (3) that evidence seized following his arrest should have been suppressed because the search warrant was issued without probable cause.
A lengthy statement of the facts is unnecessary because of the thorough statement contained in the opinion of the Court of Criminal Appeals. Hamm v. State, 564 So.2d 453 (Ala.Cr.App.1989).
Hamm argues that the indictment was defective because it did not allege that the owner of the property that was stolen and the person against whom force was used were the same. However, as the Court of Criminal Appeals pointed out, the statutes that define the elements of first degree robbery do not require that the person against whom force is used be the owner of the stolen property. Ala.Code 1975, §§ 13A-8-41(a) and -43(a); Raines v. State, 429 So.2d 1104, 1106 (Ala.Cr.App.), aff'd, 429 So.2d 1111 (Ala.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1804, 76 L.Ed.2d 368 (1983).
One of the functions of an indictment is to adequately inform the accused of the crime charged so that a defense may be prepared. Ex parte Washington, 448 So.2d 404, 407 (Ala.1984). A variance in the form of the offense charged in the indictment and the proof presented at trial is fatal if the proof offered by the State is of a different crime, or of the same crime, but under a set of facts different from those set out in the indictment. Ex parte Hightower, 443 So.2d 1272, 1274 (Ala.1983). Such is not the case here. An incorrect averment of ownership is not always a material variance. McKeithen v. State, 480 So.2d 36 (Ala.Cr.App.1985). Nor is there a material variance when the indictment states that the property was owned by a business and the proof shows that it was taken from an employee of that business, as long as the offense is described with sufficient certainty to identify the act of robbery and to establish that the property was in the immediate actual possession of the person against whom force was used. Moseley v. State, 357 So.2d 390 (Ala. Cr.App.1978). This indictment adequately apprised Hamm of the crime charged.
Hamm was arrested pursuant to a fugitive arrest warrant that was issued for an armed robbery allegedly committed by Hamm in Mississippi. Soon after that arrest, he was charged with the instant robbery and the murder of Patrick Joseph Cunningham. The following day, after signing a waiver form that acknowledged that he understood his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), Hamm gave the police a detailed statement, during which he confessed to those crimes.
Hamm sought to have his confession suppressed, arguing that the arrest warrant was issued without probable cause and did not comply with Ala.Code 1975, §§ 15-9-40 and -42. That motion was denied by the trial court, and that ruling was affirmed by *472 the Court of Criminal Appeals. Although this Court agrees with the Court of Criminal Appeals' decision on this issue, we do not agree with part of the rationale offered by that court in support of its decision. The Court of Criminal Appeals held that Hamm lacked standing to challenge the validity of the arrest warrant because he did not show that he was legally in his nephew's trailer at the time he was arrested. Hamm v. State, supra, at 458.
This Court does not agree with that court's interpretation of the safeguards against unreasonable arrests in the fourth amendment to the Constitution of the United States and Article I, Section 5, of our state constitution. Although it is settled that a defendant lacks standing to challenge a search unless he has a reasonable expectation of privacy in the premises searched, Ex parte Collier, 413 So.2d 403, 404 (Ala.1982), that analysis does not apply to situations where, as in the instant case, the defendant is challenging the validity of a warrant for the seizure of his person. The constitutional guarantees against unreasonable seizures, and against the issuance of arrest warrants without probable cause, are personal rights. Terry v. Ohio, 392 U.S. 1, 8-9, 88 S.Ct. 1868, 1873, 20 L.Ed.2d 889, 898-99 (1968). The defendant's location at the time of his arrest has little, if any, relevance in determining whether an arrest was valid, unless his presence in that location constituted a felony.[1] Therefore, we find that Hamm does have standing to challenge the validity of his arrest.
The main thrust of his illegal arrest argument is that the warrant in possession of the arresting officer at the time of the arrest did not comply with § 15-9-40 because the judge issuing the warrant did not have before him a certified copy of the sworn charge and affidavit from the foreign state.
Section 15-9-40 appears in the Code under Article 2 of Chapter 9 of Title 15, with other related statutes dealing with extradition of fugitives from justice from and to this jurisdiction. Those statutes contemplate that a person has been charged with a crime in another state and has fled to this jurisdiction, and that the executive authority of the foreign state (the Governor) is attempting to extradite the fugitive from this state to the foreign state. Usually, in such a situation, the state officials here know little or nothing about the fugitive or whether he has committed a crime at all. Section 15-9-40, entitled "Arrest prior to requisition," contains certain strictures, applicable when a fugitive is sought for extradition, for issuing a warrant before the foreign Governor's extradition papers have arrived in this state. That section is not conclusive on the subject of the arresting authority of police officers in general.
In fact, the very next section of the Code, § 15-9-41, authorizes an arrest "without a warrant upon reasonable information that the accused stands charged with a crime punishable by death or life imprisonment in the courts of another state." When Hamm was arrested, the police had a written communication from the Mississippi authorities indicating that he had been charged with a capital offense in Mississippi, and, in addition, they had probable cause to believe that he had committed another capital offense in Cullman, Alabama. Police officers in this jurisdiction may arrest any person without a warrant on any day and at any time when a felony has been committed and the officer has reasonable cause to believe that the person arrested committed it. Ala.Code 1975, § 15-10-3. Thus, even if it be conceded that the arrest warrant was defective, the arrest was valid without a warrant, under either § 15-9-41 or § 15-10-3. The police officers clearly had probable cause to believe that Hamm had committed a capital felony in this jurisdiction. It follows then that Hamm's subsequent confession was not rendered inadmissible as a result of an illegal arrest.
Hamm's final contention is that the search warrant that authorized the search *473 of his nephew's trailer was issued without probable cause, and, therefore, that all of the evidence discovered during that search should have been suppressed.
As noted by the Court of Criminal Appeals, the threshold question in determining if a search has violated a defendant's fourth amendment rights is whether that defendant has standing to challenge the search. Hamm v. State, supra, at 462-463. In Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the Supreme Court stated that only those individuals whose own fourth amendment rights may have been violated have standing to challenge the legality of a search and seizure. The defendant who is seeking to suppress the evidence obtained in the search has the burden of showing that his own fourth amendment rights were violated. Rakas, n. 1, 439 U.S. at 131, 99 S.Ct. at 424, 58 L.Ed.2d at 393.
Hamm did not meet that burden. This Court agrees that the evidence produced indicates that Hamm was not lawfully on the premises searched and therefore had no reasonable expectation of privacy. Hamm v. State, supra, at 459. Therefore, we need not address whether the search was valid. Ex parte Cochran, 500 So.2d 1179, 1183 (Ala.1985), on remand, Cochran v. State, 500 So.2d 1188 (Ala.Cr.App.), aff'd, 500 So.2d 1064 (Ala.1986), cert. denied, 481 U.S. 1033, 107 S.Ct. 1965, 95 L.Ed.2d 537 (1987).
This Court has examined the record of the proceedings below and has found no plain error or defect warranting reversal. The crime committed by Hamm, murder during the commission of first degree robbery, is an offense punishable by death in this state. Ala.Code 1975, § 13A-5-40(a)(2); Hooks v. State, 534 So.2d 329 (Ala.Cr.App.1987), aff'd, 534 So.2d 371 (Ala.1988), cert. denied, 488 U.S. 1050, 109 S.Ct. 883, 102 L.Ed.2d 1005 (1989). In addition, there were sufficient aggravating circumstances present to warrant the imposition of that penalty. As noted by the trial court and the Court of Criminal Appeals, Hamm had been previously convicted in the state of Tennessee of two felonies that involved the use or threat of violence against another person. Hamm v. State, supra, at 466. Such prior convictions are included as aggravating circumstances under § 13A-5-49(2).
Although the record does not contain any evidence of the mitigating circumstances enumerated in § 13A-5-51, there is evidence of some mitigating circumstances not listed in that statute. However, this Court agrees with the trial court and the Court of Criminal Appeals that those mitigating circumstances do not outweigh the aggravating circumstances. Hamm v. State, supra, at 463-464. We also find that the State produced more than sufficient evidence to support both the conviction and the sentence, and we find no evidence that the conviction or sentence was the result of bias, passion, or any other arbitrary factor. Section 13A-5-53(b)(1). Finally, although Hamm's co-defendant received only a life sentence, Hamm's function as the "triggerman" in this crime justifies the imposition of the more severe penalty. Ex parte Thomas, 460 So.2d 216 (Ala.1984).
For the reasons stated, the judgment of conviction and the sentence of death are hereby affirmed.
AFFIRMED.
All of the Justices concur.

ON APPLICATION FOR REHEARING
ALMON, Justice.
HAMM'S APPLICATION FOR REHEARING OVERRULED; STATE'S APPLICATION, REQUESTING MODIFICATION, GRANTED; OPINION MODIFIED.
All of the Justices concur.
NOTES
[1] The cases and other authority cited by the Court of Criminal Appeals concerned a defendant's standing to challenge the legality of a search.