of rape as an aggravating circumstance during the sentencing phase. *Id.*, at 250. Having rejected this and numerous other contentions, the court affirmed the conviction and death sentence.

As the Tennessee Supreme Court noted, a conflict of authority exists concerning the availability of harmless-error analysis in this situation. Several Courts of Appeals have held that error resulting from a failure to give proper instructions on the essential elements of an offense cannot be harmless. *Hoover* v. *Garfield Heights Municipal Court*, 802 F. 2d 168, 175–179 (CA6 1986); *United States* v. *Howard*, 506 F. 2d 1131, 1133–1134 (CA2 1974); *United States* v. *Gaither*, 440 F. 2d 262, 264 (CADC 1971). Others have held that harmless-error analysis can apply. *Redding* v. *Benson*, 739 F. 2d 1360 (CA8 1984), cert. denied, 469 U. S. 1222 (1985); *Bell* v. *Watkins*, 692 F. 2d 999, 1004 (CA5 1982). The depth of this conflict underscores the importance of the question. Both considerations counsel for a grant of certiorari.

No. 90–5948. DELONG *v.* THOMPSON, WARDEN. Sup. Ct. Va.; and

No. 90–5969. HAMM *v.* ALABAMA. Sup. Ct. Ala. Certiorari denied. Reported below: No. 90–5969, 564 So. 2d 469.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976), I would grant certiorari and vacate the death sentences in these cases.

No. 90–5553. SCHLICHER *v.* YOUNG ET AL., *ante*, p. 923. Petition for rehearing denied.

No. 89–7336. CARDINE *v.* PARKE, WARDEN, *ante*, p. 827;

No. 89–7777. KELLOGG, AS NEXT FRIEND TO LONCHAR *v.* ZANT, WARDEN, *ante*, p. 890;

No. 90–220. DE SOUZA *v.* SCHULTZ, *ante*, p. 896;

No. 90–5304. CHANDLER *v.* WHITE ET AL., *ante*, p. 871;

No. 90–5437. BALMER ET UX. *v.* STATE FARM FIRE & CASUALTY CO., *ante*, p. 902; and

No. 90–5469. MOORE *v.* STEWART TITLE OF CALIFORNIA ET AL., *ante*, p. 903. Petitions for rehearing denied. JUSTICE SOUTER took no part in the consideration or decision of these petitions.