KELLUM, Judge.
The appellant, Tony Mark MeCartha, appeals from the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 82, Ala. R.Crim. P., in which he challenged his 2004 convictions for first-degree sodomy. This Court affirmed McCartha’s convictions and sentences, by an unpublished memorandum. See MeCartha v. State (No. CR-03-1949), 954 So.2d 1141 (Ala.Crim.App.2005) (table). This Court entered a certificate of judgment on February 10, 2006.
On February 12, 2007, MeCartha filed a Rule 32 petition,[1] his first, in the Russell Circuit Court. In his petition, MeCartha claimed that his various attorneys had rendered ineffective assistance before trial, during trial, and on appeal. The record indicates that the circuit court denied McCartha’s petition on August 30, 2007. The circuit court’s order explained:
“The Court finds that the Petition seeking relief from conviction and sentence is barred from further review. [MeCar-tha] was represented at trial by the Hon. Jeremy Armstrong. Both of his convictions were appealed to the Alabama Court of Criminal Appeals and affirmed by the Court. The Hon. Aimee Smith represented [MeCartha] on Appeal. A Petition for writ of certiorari was filed with the Alabama Supreme Court. The Alabama Supreme Court denied this petition. The issue of ineffective assistance was raised on appellate review and decided adversely to [McCartha’s] claim. Any further review of this issue is barred.”
(C. 42.) MeCartha did not appeal from the denial of his first Rule 32 petition.
On June 25, 2009, MeCartha filed the instant Rule 32 petition, his second, in the Russell Circuit Court. In this petition, MeCartha claimed that he did not learn that his prior Rule 32 petition had been denied until May 5, 2009, and he asked the circuit court to grant him an out-of-time appeal from the denial of that petition. MeCartha also pz’esented a new claim of actual innocence in this second Rule 32 petition. The State argued that the petition was meritless, insufficiently pleaded, and precluded pursuant to Rules 32.2(a)(3) and (5) because, it argued, the claims could have been but were not raised at trial, Rule 32.2(b) because, it argued, the petition was successive, and Rule 32.2(c) because, it argued, the petition was untimely.
The circuit court denied McCartha’s petition on the ground that MeCartha was attempting to relitigate issues that had already been decided adversely to him. The circuit court also ordered MeCartha to pay the court costs associated with the filing of his Rule 32 petition. On December 4, 2009, MeCartha filed a motion to alter, amend, or vacate the circuit court’s order in which he attacked the circuit court’s denial of his claim, the order requiring him to pay the filing fees, and the impartiality of the circuit judge presiding over his case. On January 13, 2010, the circuit court denied McCartha’s request to set aside the court costs assessed in his case.
On May 14, 2010, this Court remanded this case for the circuit court to determine whether MeCartha was entitled to an out-of-time appeal from the denial of his first Rule 32 petition. After initially denying McCartha’s request and after a second remand by this Court, the circuit court *1017 granted McCartha’s request for an out-of-time appeal on January 4, 2011.
I.
McCartha claims that he was entitled to an out-of-time appeal from the denial of his first Rule 32 petition. Because the circuit court granted McCartha relief in the form of an out-of-time appeal, this claim is now moot.[2]
II.
McCartha also claims that the circuit court erred in failing to address his claim that he was actually innocent of the offenses for which he was convicted. In his second Rule 32 petition, McCartha claimed that he was actually innocent, and he attached to his Rule 32 petition various affidavits swearing to his innocence.
The circuit court did not specifically address McCartha’s actual-innocence claim; it simply denied McCartha’s petition in its entirety. As we have often stated, this Court may affirm the judgment of the trial court, if it is correct for any reason. Beckworth v. State, [Ms. CR-07-0051, May 1, 2009] — So.3d-(Ala.Crim.App.2009).
Although couched in terms of actual innocence, McCartha’s claim is actually a claim of newly discovered evidence. In Boyd v. State, 746 So.2d 364 (Ala.Crim.App.1999), this Court explained the standard applicable to claims of newly discovered evidence:
“Under Rule 32.1, Ala. R.Crim. P., subject to the preclusions in Rule 32.2, a remedy is afforded a defendant when the grounds supporting the requested relief are based on newly discovered facts (1) that were not known by petitioner or petitioner’s counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, [Ala. R.Crim. P.,] or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence; (2) that were not merely cumulative to other facts that were known; (3) that were not merely amounting to impeachment evidence; (4) that if they had been known at the time of trial or of sentencing, the result probably would have been different; and (5) that establish that petitioner is innocent of the crime for which petitioner was convicted or should not have received the sentence that petitioner received. Rule 32.1(e)(1) through (5), Ala. R.Crim. P. Rule 32.3 places the burden on the defendant to plead and prove facts necessary to obtain relief. Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief. Rule 32.6(b), Ala. R.Crim. P. When this is done, the burden shifts to the state to plead preclusionary grounds meriting summary dismissal. Rule 32.3[, Ala. R.Crim. P.]. The burden then shifts to the petitioner to disprove a preclusion-ary ground pleadfed] by the state.”
746 So.2d at 405-06 (footnotes omitted). Before the allegations in McCartha’s current Rule 32 petition can be considered to be based on newly discovered evidence, they must meet all five requirements of Rule 32.1(e). See Tarver v. State, 769 So.2d 338, 340-41 (Ala.Crim.App.2000) (“We have repeatedly stated that before a claim may be considered as newly discovered evidence the claim must meet the definition of newly discovered evidence found in Rule 32.1(e).”).
*1018 Here, McCartha has failed to plead facts tending to show that the affidavits contained evidence that was not otherwise discoverable at trial. The affidavit executed by Lisa Hall indicated that the allegedly exculpatory testimony she could have provided at trial was, in fact, known by her at the time of trial, and McCartha pleaded no facts tending to show why Hall’s testimony was not discoverable at the time of trial. Similarly, McCartha pleaded no facts tending to show that he filed his Rule 32 petition within six months of discovering the information contained in the affidavits of June Mann, Travis Huguley, and Mary McCartha as required by Rule 32.2(c). Therefore, the evidence presented by McCartha failed to meet the standards of Rule 32.1(e)(1). Moreover, the evidence presented by McCartha amounts to nothing more than impeachment evidence that he would use to challenge the credibility of the witnesses who testified for the State at trial. As such, this evidence fails to satisfy the requirement of Rule 32.1(e)(3). The evidence presented by McCartha failed to meet the five requirements of Rule 32.1(e); thus, he did not meet his burden of pleading as required by Rules 32.3 and 32.6(b). Accordingly, this claim is precluded pursuant to Rules 32.2(a)(3) and (5) because the claims could have been, but were not, raised at trial, pursuant Rule 32.2(b) because the petition was successive, and pursuant Rule 32.2(c) because the petition was untimely.
III.
McCartha also raises various claims regarding the circuit court’s ordering McCartha to pay the filing fee for his second Rule 32 petition. Specifically, McCartha contends that the circuit court granted him in forma pauperis status and that the court could not “un-do” that decision and assess him a filing fee. This claim is meritless.
Section 12-19-70(b), Ala.Code 1975, provides that a “docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship.” Rule 32.6(a), Ala. R.Crim. P., in pertinent part, provides:
“(a) ... [A Rule 32 petition] shall ... be accompanied by the filing fee prescribed by law or rule in civil cases in the circuit court unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis.... If the application to proceed in forma pauperis is granted, the filing fee shall be waived. If, upon final disposition of the petition, the court finds that all of the claims for relief are precluded for any of the reasons stated in Rule 32.2, it may assess the filing fee, or any portion thereof....”
It is well settled that “ ‘rules and statutes relating to the same subject matter must be read in pari materia, thus allowing for legal harmony where possible.’ ” Ex parte Jett, 5 So.3d 640, 643 (Ala.2007) (quoting Ex parte State ex rel. Daw, 786 So.2d 1134, 1136 (Ala.2000)). In construing rules of court, this Court applies the rules of construction applicable to statutes. Ex parte Jett, 5 So.3d at 643. Therefore, words used in court rules must be given their plain meaning. See Ex parte Ward, 957 So.2d 449, 452 (Ala.2006).
Judge Welch’s special writing, dissenting in part, suggests that Rule 32.6(a), Ala. R.Crim. P., prohibits the assessment of the docket fee when, as in the instant case, all the claims are not procedurally barred by one of the grounds set out in Rule 32.2, Ala. R.Crim. P. However, reading § 12-19-70(b), Ala.Code 1975, in conjunction with Rule 32.6(a), Ala. R.Crim. P., we believe that the Alabama Supreme Court intended for Rule 32.6(a) *1019 to encourage the circuit court to assess a filing fee in instances where the court finds that all of the defendant’s claims for relief are precluded. The plain language of Rule 32.6(a), when read in conjunction with § 12 — 19—70(b), does not support the conclusion reached by Judge Welch; namely, that only when final disposition of all claims in a Rule 32 petition are based upon one of the preclusionary grounds listed in Rule 32.2 may a circuit court impose a filing fee. Indeed, the permissive wording used in Rule 32.6(a) — the court “may assess the filing fee,” as opposed to shall assess the filing fee — suggests that this rule was not intended to usurp § 12-19-70(b). Such an interpretation is contrary to the purpose of a filing fee, that is, to compensate the circuit clerk for services rendered — regardless of the outcome of the case. See Ex parte Williams, 613 So.2d 1266, 1268 (Ala.1993). Given the scarce judicial resources available, any other interpretation of Rule 32.6(a) would be unreasonable. Moreover, it could encourage inmates to file still more Rule 32 petitions, creating additional burdens on an already overburdened judicial system. However, because of the question raised regarding the interpretation of Rule 32.6(a), the Supreme Court may wish to modify this rule in order to specifically address the issue raised herein. Nevertheless, we conclude that the circuit court properly ordered McCartha to pay the court costs of his Rule 32 petition and, thus, that McCartha is entitled to no relief on this claim.
Rule 32.7(d), Ala. R.Crim. P., authorizes the circuit court to summarily dismiss a petitioner’s Rule 32 petition
“[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.”
See also Hannon v. State, 861 So.2d 426, 427 (Ala.Crim.App.2003); Cogman v. State, 852 So.2d 191, 193 (Ala.Crim.App.2002); Tatum v. State, 607 So.2d 383, 384 (Ala. Crim.App.1992). Because McCartha’s claims were precluded, or were without merit, summary disposition was appropriate.
Based on the foregoing, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
WINDOM, BURKE, and JOINER, JJ„ concur. WELCH, P.J., concurs in part and dissents in part, with opinion.

. Because February 10, 2007, fell on Saturday, McCartha's petition, filed on Monday, February 12, 2007, was deemed timely filed. See Rule 1.3(a), Ala. R.Crim. P.

. The out-of-time appeal from the denial of McCartha’s first Rule 32 petition has been docketed as a separate appeal. See McCartha v. State (No. CR-10-0562).