BURKE, Judge.
James McConico, Jr., appeals from the circuit court’s denial of his most recent Rule 32, Ala. R.Crim. P. petition, which sought relief from his June 3, 1999, murder conviction. McConico has filed at least six Rule 32 petitions, none of which have been successful.
McConico filed the present petition as a “Writ of Habeas Corpus” in Escambia *160 County on October 28, 2009.[1] The Escambia Circuit Court transferred the petition to the Jefferson Circuit Court, where it was subsequently treated as a Rule 32 petition. In that petition, McConico asserted that the State had violated the provisions of the Uniform Mandatory Disposition of Detainers Act, § 15-9-80-88, Ala. Code 1975, because, “[t]he Respondents didn’t take [him] to trial on the indictment for murder until June, 1999 about (5) five years from its return and McConico’s demand of disposition of his intrastate indictment for murder.” (C. 158.) In the petition, McConico also “avers [that] he is innocent of this charge of murder.” (C. 158.)
The circuit court denied his petition on the grounds that it was time-barred by Rule 32.2(c), Ala. R.Crim. P.; that it was precluded by Rule 32.2(a)(3) because the issues raised could have been but were not raised at trial; and that the petition was precluded as successive under Rule 32.2(b). (C. 5-6.) This Court may affirm a circuit court’s ruling on a postconviction petition if the ruling is correct for any reason. Lee v. State, 44 So.3d 1145, 1149 (Ala.Crim.App.2009).
Rule 32.2(b) states that courts shall not grant relief on successive petitions that raise the same or similar grounds on behalf of the same petitioner. McConico argues that his current Rule 32 petition is not successive because “[n]either of these claims [raised in the current petition] presently raised by McConico in his seventh Rule 32 Petition have been raised on the exact set of facts that are the basis of these claims that were before the trial court.” (McConico’s brief, at 11.) Therefore, he contends that his present claims fall under the second prong of Rule 32.2(b), which states:
“A successive petition on different grounds shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence' or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard and that failure to entertain the petition would result in a miscarriage of justice.”
McConico cites Blount v. State, 572 So.2d 498 (Ala.Crim.App.1990), for the proposition that his petition cannot be precluded as successive because there is no evidence of a prior judgment on the merits in the record on appeal.
However, if McConico’s claims were not raised in previous petitions, then it would be impossible for the trial court to have adjudicated them on the merits. See Whitt v. State, 827 So.2d 869, 875 (Ala.Crim.App.2001) (“[W]here a particular claim in a petition is new and was not raised in a previous petition (i.e., the claim falls under the second part of Rule 32.2(b)), the ‘decided-on-the-merits’ requirement is obviously inapplicable, because the claim is being raised for the first time.”) In Whitt, this Court went on to state:
“Blount is hereby overruled to the extent that it states that a subsequent petition on different grounds is not successive unless a prior petition was decided on its merits. We now interpret Rule 32.2(b) as federal courts interpret *161 habeas corpus petitions to mean that new claims in subsequent petitions are barred as being successive unless ‘the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.’ Rule 32.2(b), Ala. R.Crim. P.”
827 So.2d at 876.
McConico has failed to show that good cause exists why these new grounds were not known or could not have been known when he filed any of his previous six petitions. Additionally, McConico’s claims are not jurisdictional. The Uniform Mandatory Disposition of Detainers Act applies to interstate detainers, not intrastate detainers. See Ex parte Springer, 619 So.2d 1267, 1269 (Ala.1992) (holding that the provisions of the Uniform Mandatory Disposition of Detainers Act dealing with intrastate prisoners is void). McCon-ico never alleged that he was being held under an interstate detainer. Therefore, he has failed to meet the requirements for the exceptions to Rule 32.2(b).
Additionally, McConico does not mention the Uniform Mandatory Disposition of Detainers Act in his brief. This Court has held that “[Ajllegations ... not expressly argued on ... appeal ... are deemed by us to be abandoned. We will not review issues not listed and argued in brief.” Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995) (internal citations omitted).
The only other ground raised in his petition is the bare assertion that he is innocent of murder. In his brief, McConi-eo claims that the Alabama Department of Forensic Sciences falsified DNA evidence that was introduced at his trial. He claims to have submitted medical texts to the circuit court that proved that “the ADFS couldn’t have perform [sic] the DNA [test] in 1995 and obtained the results they presented in McConico’s trial.” (McConico’s brief, at 11.)
Inasmuch as this could be considered a claim of newly discovered evidence, McConico has failed to meet the requirements of Rule 32.1(e), Ala. R.Crim. P., which states that a petitioner must show:
“(1) The facts relied upon were not known by petitioner or petitioner’s counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;
“(2) The facts are not merely cumulative to other facts that were known;
“(3) The facts do not merely amount to impeachment evidence;
“(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and
“(5) The facts establish that petitioner is innocent of the crime for which petitioner was convicted or should not have received the sentence the petitioner received.”
Accordingly, that argument is without merit and, as the circuit court held, precluded under Rule 32.2(a)(3), because it could have been, but was not, raised at trial.
Rule 32.7(d), Ala. R.Crim. P., permits the trial court to dismiss the petition “[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this *162 rule and that no purpose would be served by any further proceedings.” Because McConico’s claims are precluded, summary disposition was appropriate, and the circuit court did not abuse its discretion in dismissing McConico’s petition.
Moreover, Judge Kellum’s writing concerning petitioners who have filed an exorbitant number of petitions is particularly applicable here:
“I believe that allowing [McConico] to file multiple petitions for postconviction relief in which his claims are either precluded or without merit wastes scarce judicial resources. Therefore, I would encourage the circuit court to consider adopting sanctions like those proposed in Peoples v. State, 531 So.2d 323 (Ala.Crim.App.1988), an Procup v. Strickland, 792 F.2d 1069 (11th Cir.1986), to prevent future frivolous litigation on the part of [McConico] and other similarly situated inmates. See Ex parte Thompson, 38 So.3d 119 (Ala.Crim.App.2009).”
Bennett v. State, 77 So.3d 174 (Ala.Crim.App.2011) (Kellum, J., concurring specially)-
In Ex parte Thompson, 38 So.3d 119 (Ala.Crim.App.2009), this court examined the possible sanctions that could be imposed by a court when dealing with petitioners who have used the judicial system in an abusive and unproductive manner by bombarding the courts with a barrage of repetitive filings:
“Moreover, in Peoples v. State, 531 So.2d 323 (Ala.Crim.App.1988), this Court, quoting the United States Court of Appeals for the Eleventh Circuit in Procup v. Strickland, 792 F.2d 1069, 1072-73 (11th Cir.1986), cited with approval the sanctions a court may legally impose when faced with litigious and prolific pro se litigants:
“ ‘Courts have an “inherent power ... to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.” Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). While those conditions may be “onerous,” they “cannot be so burdensome, however, as to deny a litigant meaningful access to the courts.” Cotner, 795 F.2d at 902.
“ ‘ “In devising methods to attain the objective of curtailing the activity of such a prisoner, however, courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner’s constitutional right of access to the courts. Various courts have employed and approved a variety of injunctive devices.
“ ‘ “As to prisoners who bring frequent or repetitious claims, courts have:
“ ‘ “-enjoined prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances;
“ ‘ “-required litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing;
“ ‘ “-directed the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district;
“ ‘ “-directed the litigant to seek leave of court before filing pleadings in any new or pending lawsuit;
“ ‘ “-permitted abusive prisoner litigants to file in forma pauperis only claims alleging actual or threatened *163 physical harm; and requiring payment of a filing fee to bring other claims;
“ ‘ “-limited the number of filings by a particular inmate; and
“ ‘ “-entered injunctions prohibiting the abusive prisoner from acting as a writ writer or jailhouse lawyer for other inmates.
“ ‘ “We do not here intend to indicate how this Court would treat any of the above injunctions in a particular case, but cite them as examples of how other courts have handled the problem. Other restrictions which might be considered by a court attempting to deal with the problems created by a litigant such as [McConico] include:
“ ‘ “-limitation of the number of pages to a complaint and other pleadings;
“ ‘ “-requiring a plaintiff to file an affidavit setting forth what attempts he has made to obtain an attorney to represent him;
“ “-limitation of further pleadings without order of court, after the complaint has been filed.
“ ‘ “This list is intended to be neither exhaustive nor limiting. As new ideas develop and old devices prove ineffective, the judiciary must respond with imaginative new techniques designed to protect the court access of all litigants.” Procup v. Strickland, 792 F.2d 1069, 1072-73 (11th Cir.1986).’
“531 So.2d at 326-27.”
Ex parte Thompson, 38 So.3d at 124-25. See also Randal S. Jeffrey, Restricting Prisoners’ Equal Access to the Federal Courts: The Three Strikes Provision of the Prison Litigation Reform Act and Substantive Equal Protection, 49 Buffalo L.Rev. 1099, 1141 (2001).
Courts can and should impose such sanctions upon petitioners, such as McCon-ico, who use the judicial system to pass the time.
For the foregoing reasons, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
WELCH, P.J., and WINDOM, KELLUM, and JOINER, JJ., concur.

. In his brief, McConico states that he filed a petition for writ of habeas corpus in the Barbour Circuit Court that is not a part of the record on appeal. (McConico’s brief, at 4.) He filed motions to supplement the record with the circuit court and with this Court, both of which were denied.