BURKE, Judge.
William L. Burnett appeals the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. The petition challenged his June 5, 2001, convictions for five counts of first-degree robbery, a violation of § 13A-8-41(a)(1), Ala.Code 1975. Burnett was sentenced on count 3 and count 5 to consecutive life sentences, and he was sentenced to life imprisonment on count 1, count 2, and count 4, to run concurrent with count 3. Burnett did not file a direct appeal of his convictions.
*306 On or about February 22, 2013, Burnett filed the instant petition for postconviction relief, in which he alleged that his convictions violated his right against double jeopardy because all five charges arose from one robbery in which all the individual victims were employees of the business that was robbed, which he claims resulted in an illegal sentence and excessive punishment. He also argued that his trial counsel was ineffective for advising him to plead guilty despite having knowledge of the double-jeopardy issue.
On May 17, 2013, the State filed a motion to dismiss Burnett’s petition, arguing that Burnett’s convictions do not violate the principles of the Double Jeopardy Clause because Alabama law allows for multiple convictions when more than one person is injured as the result of a single act and because Burnett admits that he stole from multiple victims. The State also contended that Burnett’s claim of ineffective assistance of counsel was barred as successive, was time-barred, and was mer-itless.
Following a response from Burnett, the circuit court denied Burnett’s petition, finding that Burnett’s allegation that his convictions violated his rights against double jeopardy was meritless because Burnett' admits that he stole from four individual victims in the store and from the business that he robbed and that, thus, because Alabama law clearly permits multiple punishments arising from multiple statutory offenses occurring out of the same course of events, it was proper for him to be charged with, convicted of, and sentenced for five separate counts of robbery. Additionally, the court found that Burnett’s ineffective-assistance-of-counsel claim was meritless because he failed to show that there was a reasonable probability that, but for his counsel’s error in failing to advise him of the potential double-jeopardy issue, he would not have pleaded guilty. The court also stated that Burnett’s ineffective-assistance-of-counsel claim failed to meet the requirements of Rule 32.6(b), Ala. R.Crim. P., because his claim was a bare allegation without specific factual support.
On appeal, Burnett reiterates the claims raised in his petition and argues that the circuit court abused its discretion in denying his petition. We first note that a circuit court may summarily deny a petitioner’s Rule 32 petition pursuant to Rule 32.7(d), Ala. R.Crim. P.,
“[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.”
See also Hannon v. State, 861 So.2d 426, 427 (Ala.Crim.App.2003); Cogman v. State, 852 So.2d 191, 193 (Ala.Crim.App.2002); and Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App.1992).
Burnett contends that his counsel was ineffective for advising him to plead guilty despite, he says, his counsel’s knowledge that his convictions were in violation of double-jeopardy principles. To prevail on a claim of ineffective assistance of counsel, the petitioner must ultimately prove that (1) counsel’s performance was deficient and (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Burnett’s claim of ineffective assistance of counsel fails to satisfy the second prong of the Strickland test because it fails to allege any prejudice. Burnett makes a blanket statement that his counsel was in *307 effective for failing to argue that the convictions violated his right to be protected against double jeopardy. He then repeats his first claim that his rights were violated. He fails to make any claim that, but for his counsel’s actions, he would not have pleaded guilty. See Davis v. State, [Ms. CR-10-0224, August 30, 2013] — So.3d -, -(Ala.Crim.App.2013)(“ “When an appellant’s claim of ineffective assistance of counsel arises from alleged errors committed by counsel in the guilty plea process, the prejudice prong of the Strickland analysis is satisfied by the appellant’s establishing ‘that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” ’ Culver v. State, 549 So.2d 568, 572 (Ala.Crim.App.1989), quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).”).
Further, as the State properly contended in its motion to dismiss, this claim was also time-barred. A claim alleging ineffective assistance of counsel is not jurisdictional and is subject to the preclu-sionary bars of Rule 32.2, Ala. R.Crim. P. See, e.g., Cogman v. State, 852 So.2d 191, 192 (Ala.Crim.App.2002) (an ineffective-as-sistanee-of-counsel claim is not jurisdictional). In the present case, Burnett was sentenced on June 5, 2001, and the instant petition was not filed until on or about February 22, 2013. Because Burnett’s petition was filed well after the limitations period had expired, the circuit court did not err when it dismissed Burnett’s claim alleging ineffective assistance of counsel.[1]
Burnett also claims that his convictions were in violation of the principles of the Double Jeopardy Clause because all five charges arose from the same robbery in which all the individual victims were employees of the business that was robbed, and, thus, he asserts, all the charges arose from one single transaction. This Court has recognized that double-jeopardy principles are not violated when multiple convictions involving multiple victims are obtained from one criminal transaction. See Brooks v. State, 973 So.2d 380, 402 (Ala.Crim.App.2007) (quoting McKinney v. State, 511 So.2d 220 (Ala.1987)) (“[T]he Alabama Supreme Court adopted the view of the majority of states that when a single criminal transaction involves multiple victims, multiple convictions are permitted.”). Here, Burnett’s four separate indictments charging him with robbing four separate individuals properly supported four of the convictions. However, Burnett could not be convicted of robbing both the business and one of the victims, Edna Newton, who was an employee of the business. Although, in one count, the property alleged to have been taken from this individual was the individual’s personal property and, in another count, the property alleged to have been taken from this individual was the business’s money, robbery is a crime against a person and the robbery of the same person cannot support two convictions. To do so violates double jeopardy and is a jurisdictional matter. See Craig v. State, 893 So.2d 1250 (Ala.Crim.App.2004); Strickland v. State, 92 So.3d 179 (Ala.Crim.App.2011).
Because Burnett could not be convicted of robbing the same victim of both her property and the business’s property, arising from the same theft, this case is due to be remanded to the circuit court to vacate *308 one of the convictions naming Edna Newton as the victim.
Due return shall be made to this Court within 28 days of the issuance of this opinion.
REMANDED WITH DIRECTIONS. 
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. On August 1, 2002, Rule 32.2(c), Ala. R.Crim. P., was amended to shorten the limitations period to one year where the time for appeal expired on or after August 1, 2002. Where the time for appeal fell before August 1, 2001, the applicable limitations period remained two years.