Rel: May 1, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

_____

### CR-2025-0003

_____

## Antonio Deandre Hawkins

### v.

## State of Alabama

## Appeal from Jefferson Circuit Court
### (CC-06-1430.62)

PER CURIAM.

Antonio Deandre Hawkins appeals the Jefferson Circuit Court's summary dismissal of his third Rule 32, Ala. R. Crim. P., petition for postconviction relief. For the reasons discussed below, we affirm in part, reverse in part, and remand with instructions.

Facts and Procedural History

Hawkins was indicted on two counts of capital murder for the slaying of a single victim, Rochine Thomas.[1] The first count was for shooting Thomas while Thomas was in a vehicle, a violation of § 13A-5-40(a)(17), Ala. Code 1975. The second count was for shooting Thomas while Hawkins was in a vehicle, a violation of § 13A-5-40(a)(18). The jury, however, found Hawkins guilty of the lesser-included offense of felony murder on both counts. The trial court sentenced Hawkins to a single term of life imprisonment. Hawkins appealed, and this Court affirmed Hawkins's convictions and sentence by an unpublished memorandum. See Hawkins v. State (No. CR-06-0548, Sept. 19, 2008), 27 So. 3d 624 (Ala. Crim. App. 2008) (table). A certificate of judgment was issued on September 19, 2008.

Sometime later, Hawkins filed his first Rule 32 petition, which did not result in relief. Hawkins did not appeal the adverse ruling on his first petition. On August 5, 2010, Hawkins filed his second Rule 32

---

[1]"[T]his Court may take judicial notice of its own records." Nettles v. State, 731 So. 2d 626, 629 (Ala. Crim. App. 1998) (citing Hull v. State, 607 So. 2d 369, 371 n.1 (Ala. Crim. App. 1992)).

2

petition. After holding an evidentiary hearing, the circuit court denied Hawkins's petition on November 9, 2010. On October 21, 2011, this Court affirmed by an unpublished memorandum the circuit court's denial of Hawkins's second Rule 32 petition. See Hawkins v. State (No. CR-10-0582, October 21, 2011), 120 So. 3d 1241 (Ala. Crim. App. 2011) (table).

Hawkins filed the current Rule 32 petition, his third, on August 28, 2024, and paid the filing fee. Along with his petition, Hawkins submitted a recently prepared mitigation report that he claimed constituted newly discovered evidence under Rule 32.1(e), Ala. R. Crim. P. The mitigation report was based upon an interview with an expert about events that had occurred during Hawkins's childhood that, he claimed, "would have been highly relevant in determining [his] sentence." (Supp. R. 10-15.) Hawkins also claimed that he was entitled to a new sentence under Miller v. Alabama, 567 U.S. 460 (2012), and that his two convictions for the murder of Thomas violated the principles of double jeopardy. The State responded, alleging that the claims raised in Hawkins's petition were meritless and precluded under Rules 32.2(a)(2)-(5), 32.2(b), and 32.2(c), Ala. R. Crim. P. On December 11, 2024, the circuit court summarily dismissed Hawkins's petition. This appeal follows.

3

## Standard of Review

When reviewing a circuit court's summary dismissal of a postconviction petition, "'[t]he standard of review this Court uses … is whether the [circuit] court abused its discretion.'" Lee v. State, 44 So. 3d 1145, 1149 (Ala. Crim. App. 2009) (quoting Hunt v. State, 940 So. 2d 1041, 1049 (Ala. Crim. App. 2005)). If, however, the circuit court bases its determination on a "'cold trial record,'" we apply a de novo standard of review. Ex parte Hinton, 172 So. 3d 348, 352 (Ala. 2012). "Moreover, subject to certain exceptions that are not applicable in this case, see, e.g., Ex parte Clemons, 55 So. 3d 348 (Ala. 2007), 'when reviewing a circuit court's rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason.'" Hall v. State, 223 So. 3d 977, 979 (Ala. Crim. App. 2016) (quoting Bush v. State, 92 So. 3d 121, 134 (Ala. Crim. App. 2009)).

Furthermore, a circuit court may summarily dismiss a Rule 32 petition under Rule 32.7(d), Ala. R. Crim. P.,

> "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings."

4

See also <u>Hannon v. State</u>, 861 So. 2d 426, 427 (Ala. Crim. App. 2003). Summary dismissal is also appropriate when the petition is obviously without merit or where the record directly refutes a Rule 32 petitioner's claim. <u>See, e.g.</u>, <u>Batts v. State</u>, 342 So. 3d 597, 601 (Ala. Crim. App. 2020) (quoting <u>Lanier v. State</u>, 296 So. 3d 341, 343 (Ala. Crim. App. 2019)). With these principles in mind, we address Hawkins's claims on appeal.

Discussion

Hawkins raises only two of the claims presented in his petition on appeal: that the circuit court erred when it summarily dismissed his newly-discovered-evidence and double-jeopardy claims. Because Hawkins presents no argument that he was entitled to a new sentencing hearing based upon the United States Supreme Court's decision in <u>Miller v. Alabama</u>, 567 U.S. 460 (2012), that claim is abandoned for purposes of appellate review. <u>See, e.g.</u>, <u>Brownlee v. State</u>, 666 So. 2d 91, 93 (Ala. Crim. App. 1995) ("We will not review issues not listed and argued in brief."). We now turn to Hawkins's claims on appeal.

I.

Hawkins first argues that the circuit court erred when it dismissed his newly-discovered-evidence claim because, he alleges, his claim met

5

all five requirements of newly discovered evidence found in Rule 32.1(e), Ala. R. Crim. P. Rule 32.3, Ala. R. Crim. P., places on the petitioner "the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief," and Rule 32.6(b), Ala. R. Crim. P., requires that "[e]ach claim in the petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds."

> "The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See Bracknell v. State, 883 So. 2d 724 (Ala. Crim. App. 2003)."

Hyde v. State, 950 So. 2d 344, 356 (Ala. Crim. App. 2006).

To gain a new trial on the ground of newly discovered evidence, a petitioner must plead and prove:

> "(e) [That] [n]ewly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:
>
> > "(1) The facts relied upon were not known by the petitioner or the petitioner's counsel at the time of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24, [Ala. R.

6

Crim. P.,] or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;

"(2) The facts are not merely cumulative to other facts that were known;

"(3) The facts do not merely amount to impeachment evidence;

"(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and

"(5) The facts establish that the petitioner is innocent of the crime for which the petitioner was convicted or should not have received the sentence that the petitioner received."

Rule 32.1(e), Ala. R. Crim. P. (emphasis added). "We have repeatedly stated that before a claim may be considered as newly discovered evidence the claim must meet the definition of newly discovered evidence found in Rule 32.1(e)." Tarver v. State, 769 So. 2d 338, 340-41 (Ala. Crim. App. 2000).

"[I]f all the requirements in Rule 32.1(e) are not satisfied, a claim of newly discovered material facts is subject to the preclusions in Rule 32.2. See McConico v. State, 84 So. 3d 159, 161-62 (Ala. Crim. App. 2011), and McCartha v. State, 78 So. 3d 1014, 1017-18 (Ala. Crim. App. 2011) (both holding that a claim of newly discovered material facts that fails to satisfy the requirements of Rule 32.1(e) is subject to the preclusions in Rule 32.2)."

7

Lloyd v. State, 144 So. 3d 510, 516 (Ala. Crim. App. 2013) (emphasis added).

According to the petition, Hawkins's expert interviewed him about events that occurred in his childhood and then formed a new theory as to how his upbringing could have affected his sentence had Hawkins presented that theory to the trial court at sentencing. Specifically, Hawkins alleged that his expert, Dr. Kale Kirkland, "discovered" that Hawkins had been "raised in a home with substance abuse, witness[ed] physical abuse to his mother, only attend[ed] school to the eleventh grade, and abus[ed] drugs as a young child." (C. 64-65.) Hawkins then alleged that the "scientific inferences that [could] be made [from the report] would have been highly relevant in determining [Hawkins]'s sentence." (C. 69.)

The circuit court determined that Hawkins's claim did not constitute newly discovered evidence based upon this Court's opinion in Woodward v. State, 276 So. 3d 713 (Ala. Crim. App. 2018), in which this Court held that "[t]he purpose of Rule 32.1(e) is to provide relief from what may be an injustice based on facts or evidence that were unavailable at the time of trial, not to reward a petitioner for finding

8

experts posttrial." Id. at 761 (emphasis added). In reaching our holding, this Court quoted with approval the Kentucky Supreme Court's decision in Foley v. Commonwealth, 425 S.W.3d 880, 887 (Ky. 2014), which stated:

> "'Certainly, testimony in the form of an expert's opinion is "evidence" in the literal sense. ... But an expert's opinion cannot fit the definition of "newly discovered evidence" unless it is based upon underlying facts that were not previously known and could not with reasonable diligence have been discovered. An opinion consisting simply of a reexamination and reinterpretation of previously known facts cannot be regarded as "newly discovered evidence." There would be no finality to a verdict if the facts upon which it was based were perpetually subject to whatever reanalysis might be conceived in the mind of a qualified expert witness.'"

Woodward, 276 So. 3d at 761 (emphasis added). We agree with the circuit court that Dr. Kirkland's opinion did not constitute newly discovered evidence.

On appeal, Hawkins claims that he could not have discovered the expert's report before July 29, 2024, because that is the date upon which Dr. Kirkland provided him with the report. (Hawkins's brief, p. 22.) Hawkins, however, certainly knew of the underlying facts contained in the expert's report well before trial because they were details of Hawkins's own childhood. Under these circumstances, an expert's opinion, tendered almost two decades after the conviction became final,

9

on alleged facts previously known to the defendant is not newly discovered evidence. Because "'[a]n opinion consisting simply of a reexamination and reinterpretation of previously known facts cannot be regarded as "newly discovered evidence,"'" Woodward, 276 So. 3d at 761 (quoting Foley, 425 S.W.3d at 887), the circuit court's summary dismissal of Hawkins's claim was proper. See Rules 32.1(e)(1), 32.2(b), 32.2(c), 32.3, 32.6(b), and 32.7(d), Ala. R. Crim. P.

## II.

Second, Hawkins argues that the circuit court erred when it summarily dismissed his claim that his two convictions for the murder of a single victim violated his constitutional protections against double jeopardy.[2] (Hawkins's brief, pp. 32-36.) "[Murder] is a crime against a

---

[2]We note that Hawkins specifically argues that his convictions violate the principles of double jeopardy because he was convicted for two counts of felony murder of a single victim and because, at least according to his Alabama Department of Corrections records, he purportedly received two consecutive sentences of life imprisonment. (Hawkins's brief, p. 36 (citing (C. 99, 129)).) This Court has examined the transcript of Hawkins's sentencing hearing, as well as the trial court's sentencing order. We conclude, as we stated in our unpublished memorandum on direct appeal, that "the trial court sentenced [Hawkins] to a single term of life imprisonment." See Hawkins v. State (No. CR-06-0548, Sept. 19, 2008), 27 So. 3d 624 (Ala. Crim. App. 2008) (emphasis added) (table). Regardless of Hawkins's specific arguments on appeal, "this Court has a duty to notice jurisdictional defects." Rudolph v. State, 200 So. 3d 1186,

10

person and the [murder] of the same person cannot support two convictions. To do so violates double jeopardy and is a jurisdictional matter." Burnett v. State, 155 So. 3d 304, 307 (Ala. Crim. App. 2013).

Hawkins was charged with capital murder in a two-count indictment. The indictment reads as follows:

> "The grand jury of [Jefferson County] charge that, before the finding of this indictment, ANTONIO DEANDRE HAWKINS, whose name is to the grand jury otherwise unknown, did intentionally cause the death of ROCHINE RALFEL THOMAS by shooting him with a deadly weapon, to-wit: a pistol and/or rifle while ROCHINE RALFEL THOMAS was in a vehicle, in violation of Section 13A-5-40(17) of the Alabama Criminal Code.

> "2nd: The grand jury of said county further charge that before the finding of this indictment, ANTONIO DEANDRE HAWKINS, whose name is to the grand jury otherwise unknown, did intentionally case the death of ROCHINE RALFEL THOMAS by shooting him with a deadly weapon, to-wit: a pistol and/or rifle, fired or otherwise used within or from a vehicle, in violation of Section 13A-5-40(a)(18) of the Alabama Criminal Code against the peace and dignity of the State of Alabama."

(Record in case no. CR-06-0548, C. 25.)

After the close of the evidence, the trial court instructed the jury on both charges of capital murder as alleged in the indictment, as well as

---

1191 (Ala. Crim. App. 2015) (citing Brooks v. State, 76 So. 3d 275, 285 (Ala. Crim. App. 2011)).

11

the lesser-included offense of felony murder as it related to both counts of capital murder. (Record in case no. CR-06-0548, R. 348-49.) After the jury deliberated, it acquitted Hawkins on both counts of capital murder but returned verdicts finding Hawkins guilty of two counts of felony murder. (Record in case no. CR-06-0548, R. 414.) The trial court then adjudicated Hawkins guilty on both counts in accordance with the jury's verdicts. (Record in case no. CR-06-0548, R. 416.)

On November 27, 2006, the trial court conducted a sentencing hearing, wherein Hawkins was represented by counsel. (Record in case no. CR-06-0548, R. 3 (Nov. 27, 2006, Sentencing Hearing).)[3] The trial court stated that the jury had found Hawkins guilty of two counts of felony murder but then pronounced the following sentence: "It is the judgment of the Court that the defendant is hereby sentenced to the Department of Corrections for a period of life." (Record in case no. CR-06-0548, R. 11 (Nov. 27, 2006, Sentencing Hearing).) The same day, the trial court entered a written sentencing order, sentencing Hawkins to

_____

[3]The transcript of Hawkins's sentencing hearing is not consecutively paginated with the transcript of Hawkins's trial.

"[l]ife … for the murder of Rochine R. Thomas." (Record in case no. CR-06-0548, R. 16.)

In <u>Meyer v. State</u>, 575 So. 2d 1212 (Ala. Crim. App. 1990), this Court held that Meyer's three convictions for the intentional murder of a single victim violated the principles of double jeopardy even though Meyer received a single term of imprisonment on all three counts and explained as follows:

> "The guarantee against twice being placed in jeopardy for the same offense protects (1) against a second prosecution for the same offense after acquittal, (2) against a second prosecution for the same offense after conviction, and (3) against multiple punishments for the same offense. <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656 (1969). The appellant's convictions and sentence concern the third of these guarantees.

> "The appellant was indicted for three separate offenses. Though the appellant was indicted for three counts of capital murder, he was ultimately convicted for three counts of the lesser included offense of intentional murder. These three counts were contained in the same statute. An evaluation of the case under <u>Sisson v. State</u>, 528 So. 2d 1159 (Ala. 1988), shows that the appellant could not have been convicted of three counts of the same statute. As this court stated in <u>Sisson</u>, '[t]he two subsections of a similar statute were merely alternative methods of proving the same crime, and therefore, did not constitute separate offenses.' <u>Sisson</u>, 528 So. 2d at 1162. Thus appellant's conviction on three counts of intentional murder violated the protection against double jeopardy guaranteed to him by the constitution.

13

"The state argues that since the appellant was only sentenced once, to 50 years' imprisonment, the error is harmless. We do not agree with this argument. The United States Supreme Court stated in <u>Ball v. United States</u>, 470 U.S. 856, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985):

"'The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress' intention. One of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense.'

"'The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate <u>conviction</u> apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.'

"<u>Ball</u>, 470 U.S. at 864-65, 105 S. Ct. at 1673.

"For the reasons stated above, this case is remanded to the Circuit Court for Chilton County for that trial court to vacate two of the appellant's convictions. The two convictions vacated shall be determined by the trial judge."

<u>Meyer</u>, 575 So. 2d at 1217.

14

Based on <u>Meyer</u>, we hold that Hawkins's two convictions for felony murder violated his constitutional protections against double jeopardy and that his single sentence for both convictions did not alleviate the "'potential adverse collateral consequences,'" <u>Meyer</u>, 575 So. 2d at 1217 (quoting <u>Ball v. United States</u>, 470 U.S. 856, 865 (1985)), inherent in being twice convicted for a single murder. Accordingly, we must reverse the circuit court's summary dismissal of Hawkins's double-jeopardy claim.

Since this Court's decision in <u>Meyer</u>, the Alabama Supreme Court, in <u>Ex parte Rice</u>, 766 So. 2d 143 (Ala. 1999), determined that it is not "an acceptable option to merely vacate one of [the defendant]'s convictions ...." <u>Id.</u> at 152. The Court explained:

> "The jury specifically found that Rice had violated § 13A-6-2(a)(3)[, Ala. Code 1975,] in two different ways -- by participating in a kidnapping and causing Taylor's death and by participating in a robbery and causing Taylor's death. Based on the record before us, an appellate court's vacating one of Rice's convictions … would have the effect, albeit unintended, of nullifying a part of the jury's verdict. We think the better approach is for the Court of Criminal Appeals to remand the case to the trial court for the entry of a new order -- an order that adjudges Rice guilty of Taylor's murder and sentences him for that single offense."

15

Id. at 152-53.[4]

We thus reverse the circuit court's judgment summarily dismissing Hawkins's double-jeopardy claim and remand this case to the circuit court for that court to enter a new order that simply "adjudges [Hawkins] guilty of [Thomas]'s murder," a single offense. Ex parte Rice, 766 So. 2d at 153. See also Ex parte Robey, 920 So. 2d 1069, 1074 (Ala. 2004) (holding that "[t]he trial court had no jurisdiction to enter both judgments on the verdicts finding Robey guilty of two assaults" and directing this Court to remand the case to the trial court for that court to "adjudge Robey guilty of a single offense").

## Conclusion

We affirm the judgment of the circuit court insofar as it summarily dismissed Hawkins's first postconviction claim for relief that did not

---

[4]We note that Ex parte Rice, 766 So. 2d 143 (Ala. 1999), is distinguishable from the instant case because "[t]he sole issue … [was] whether the Double Jeopardy Clause of the Fifth Amendment to the United State Constitution barred the trial court from sentencing Rice more than once for his violation of § 13A-6-2(a)(3)[, Ala. Code 1975]." Id. at 146. However, the Court's disposition -- as well as its determination, pursuant to Sisson v. State, 528 So. 2d 1159 (Ala. 1988), that a double-jeopardy analysis under Blockburger v. United States, 284 U.S. 299 (1932), is inapplicable to multiple convictions under § 13A-6-2(a)(3), Ala. Code 1975, see Ex parte Rice, 766 So. 2d at 150-51 -- is still controlling in this case.

concern a double-jeopardy violation. However, Hawkins is entitled to relief based on his second postconviction claim that his two convictions for the felony murder of one victim violated his double-jeopardy rights. We thus reverse the judgment of the circuit court as to Hawkins's double-jeopardy claim and remand this case to the circuit court for that court to grant Hawkins's Rule 32 petition on his double-jeopardy claim and to enter an order adjudging Hawkins guilty of Thomas's murder under § 13A-6-2(a)(3), Ala. Code 1975 -- a single offense. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 28 days of the release of this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur. Anderson, J., concurs in the result.